# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BRANDON KEITH FEE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00154 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DR. KOSCINSKI, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Brandon Keith Fee, Pro Se Plaintiff.*

The plaintiff, Brandon Keith Fee, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. In his Complaint, he alleges that while confined at the Southwestern Virginia Regional Jail ("SWVRJ"), he has not received treatment for his Hepatitis C. I conclude that the action must be summarily dismissed for failure to state a claim.

Fee's allegations are brief: "I have been denied treatment for my HepC here at the SWVRJ and I am suffering from pain and fatigueness. Dr. Koscinski, Dr. Large, and Capt. Josh Hayes together are responsible for denying me medical attn." Compl. 2, ECF No. 1. Fee claims that he "suffer[s] from pain due to the side effects from HepC." *Id.* Fee attaches some medical request forms he has filed at SWVRJ. In response to one of these forms, a nurse responded, "We currently

do not treat Hep C here at this facility. When you go to prison you may have the option there. Information on hep c treatment will be posted in the pod." *Id.* at 6. As defendants, Fee names both of the doctors and Hayes. He seeks monetary damages and a transfer to get treatment.

Under 42 U.S.C. § 1997e(c)(1), the court may summarily dismiss a § 1983 action brought by a prisoner about prison conditions if the court concludes that it "is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

By order entered March 5, 2019, the court notified Fee that his Complaint did not present enough facts to state any actionable claim under § 1983 against the defendants he has named and granted him 21 days to file an amended complaint or face summary dismissal of the action. Specifically, the court informed Fee that an amended complaint must state the sequence of events on which he bases his claims, what actions each defendant took in violation of his constitutional rights, what harm he suffered as a result of their conduct, and what relief he seeks. The time granted for filing the amended complaint has elapsed, and the court has not received any further pleading or correspondence from Fee. Accordingly, I will address his Complaint and attachments as initially filed.

To hold an official liable under § 1983, the plaintiff must state facts that affirmatively show how the officer acted personally to deprive the plaintiff of constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). As Fee was advised by the court's prior order, his Complaint fails to provide any such information about the defendants he has named. Accordingly, Fee's Complaint fails to state a § 1983 claim against them, and I will summarily dismiss his Complaint without prejudice under § 1997e(c)(1). Dismissal without prejudice leaves Fee with the option to refile his § 1983 claims in a new and separate civil action, provided that he corrects the noted deficiencies.

A separate Final Order will be entered herewith.

DATED: April 4, 2019

/s/ James P. Jones
United States District Judge